UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DENNIS L. EITLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 3:23-cv-253 |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Attorney Fees pursuant to Social Security

Ac t§ [sic] 206(b)(1) [DE 24] filed by Howard D. Olinsky, counsel for the plaintiff, Dennis L. Eitler,

on April 7, 2026. Defendant filed a Response [DE 26] indicating that the Agency neither agreed

nor disagreed that Plaintiff's counsel should be awarded fees pursuant to Section 406(b).[1] For the

following reasons, the Motion [DE 24] is **GRANTED**.

*Background*

Plaintiff Dennis L. Eitler filed an application for benefits in March 2021, alleging

disability onset beginning May 1, 2018. [DE 13]. The Social Security Administration ("SSA")

entered an unfavorable decision on September 30, 2021, and on reconsideration in December

2021. *Id.* After a timely-filed request for a hearing, SSA Administrative Law Judge ("ALJ")

---

[1] Plaintiff filed this Motion pursuant to Social Security Act § 206(b)(1) and 42 U.S.C. Section 406(b).
Section 206(b) refers to the section number within the original Social Security Act of 1935. Section
406(b) refers to the same law as codified in the United States Code. For simplicity, the court where
hereinafter refer only to 42 U.S.C. Section 406(b).

Jessica Hodgson issued an unfavorable decision on August 30, 2022. *Id.* The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final Agency decision. *Id.* Plaintiff initiated civil action in this court for judicial review of the denial of his application for benefits on March 30, 2023. [DE 1].

This court granted the Joint Motion for Remand [DE 18] on December 12, 2023. [DE 19]. Following remand, an ALJ approved Plaintiff's claim for benefits. [DE 24-1]. The SSA issued a Notice of Award letter dated October 4, 2025, awarding $74,226.00 in past-due benefits. *Id*. Plaintiff agreed to pay Attorney Olinsky 25% of all past-due benefits awarded to him and any beneficiaries by the SSA. [DE 24-2].

Plaintiff filed a Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA") in March of 2024. [DE 21]. The Commissioner filed a Response [DE 22] stating that there was no objection. The court granted the Motion for EAJA fees in March 2024, awarding Plaintiff's counsel $7,293.31 for attorney fees in full satisfaction of all claims under the EAJA, 28 U.S.C. § 2412. [DE 23].

Attorney Olinsky now asks the court to authorize an award of attorney fees in the total amount of $11,356.50.00 pursuant to 42 U.S.C. § 406(b). The motion is ripe for ruling.

*Discussion*

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the court, *see* 42 U.S.C. § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five

percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Gisbrecht,* 535 U.S. at 808. The award may be reduced because of an attorney's unjustifiable delay or if the amount of time an attorney has spent on a case is excessive in comparison to the past-due benefits. *Gisbrecht,* 535 U.S. at 808. Counsel cannot recover fees under both the EAJA and § 406(b), so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht,* 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Attorney Olinsky requests an attorney fee in the amount of $11,356.50 and contends that the requested fee award is reasonable for the 34.1 hours he spent representing Plaintiff in federal court. [DE 24]. Attorney Olinsky's total requested fee amounts to an hourly rate of $372.14 for the 29.2 hours of attorney time and $100.00 per hour for the 4.9 hours of paralegal time. This calculated rate is within the bounds of reasonableness in this district especially considering that these cases are taken on a contingent fee basis. *See Long v. Saul*, 2021 WL 2588110, at *1 (N.D. Ind. June 24, 2021) (awarding a fee equating to $1,711.96 per hour); *Ringle v. Kijakazi*, 2021 WL 3550892, at *1 (N.D. Ind. Aug. 11, 2021) (awarding fee equating to $1,923.00 per hour). Furthermore, there is no indication of delay in this case. Accordingly, the court finds that the requested fee is reasonable.

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund the amount of the smaller fee or subtract it from the total fees awarded under § 406(b). *Gisbrecht,* 535 U.S. at 789; *Lugar v. Comm'r of Soc. Sec.*, 2024 WL 3518612, at *1 (N.D. Ind. July 22, 2024). In this Motion [DE 24], Attorney Olinsky has acknowledged that Plaintiff is entitled to a refund of the $7,293.31 EAJA award that he received.

Based on the foregoing reasons, the court **GRANTS** the Motion [DE 24] and **AWARDS** fees to Attorney Howard D. Olinsky in the total amount of $11,356.50. The court **ORDERS** Attorney Olinsky to refund the plaintiff, Dennis L. Eitler, the total amount of the previously awarded EAJA fees, $7,293.31, upon receipt of the § 406(b) fees awarded by the court.

ENTERED this 22nd day of April, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge